IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN P. PETERSON,                )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   No. 12 C 5391
                                    )
THOMAS SHEAHAN, et al.,             )
                                    )
        Defendants.                 )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to dismiss, and Defendant Thomas Sheahan's (Sheahan) motion in the alternative to stay. For the reasons stated below, the motions to dismiss are granted in part and denied in part, the remaining state law claims are dismissed without prejudice, and the motion to stay is denied as moot.

# BACKGROUND

Plaintiff Stephen P. Peterson (Peterson) allegedly became a police officer with Defendant Village of Oak Brook (Village) in September 2004. Peterson is the son of

Drew Peterson, a former Bollingbrook police officer recently tried and convicted for murder. Peterson claims that after his father was charged, Defendants conspired to bring sham disciplinary charges against him in order to terminate Peterson's employment. Following an administrative hearing before the Oak Brook Board of Fire and Police Commissioners (BFPC), Peterson's employment was terminated. Peterson appealed the BFPC ruling to the Circuit Court of DuPage County and the matter was remanded back to the BFPC for the BFPC to sufficiently explain the basis of its decision to terminate Peterson's employment. (V. Ex. D 7). The administrative proceedings currently remain pending. Peterson includes in his complaint due process claims brought pursuant to 28 U.S.C. § 1983 (Section 1983) (Count I), tortious interference with advantageous business relations claims (Count II), breach of contract claims (Count III), defamation claims (Count IV), and intentional infliction of emotional distress claims (Count V). Sheahan has filed a motion to dismiss and motion in the alternative to stay. Defendants Fredrick Capetta and the Village (collectively referred to as "Village Defendants") have also filed a motion to dismiss.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

Sheahan argues that the court should dismiss the Section 1983 due process claims and decline to exercise supplemental jurisdiction over the remaining state law claims. Sheahan also argues in the alternative that the court should stay the instant action pursuant to the *Colorado River* abstention doctrine. Village Defendants argue that the court should dismiss the Section 1983 due process claims pursuant to the *Younger* abstention doctrine and decline to exercise supplemental jurisdiction over the remaining state law claims. Village Defendants also argue in the alternative that the court should dismiss all claims pursuant to Rule 12(b)(6).

I.  Section 1983 Due Process Claims (Count I)

Defendants argue that Peterson cannot premise his Section 1983 due process claims upon an alleged withholding of evidence in underlying administrative and civil proceedings. Peterson alleges in his complaint that his due process rights were violated, contending that false statements were made about him and that, to "clear his name," he was only provided with a "sham administrative hearing." (Compl. Par. 65-67). Peterson indicates in response to the instant motions that his due process claims are solely based upon the principles set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). (Ans. 2-4). The principles set forth in *Brady* "protect[] a criminal

4

defendant's right to a reliable trial verdict. . . ." *Mosley v. City of Chicago*, 2009 WL 3097211, at *5 (N.D. Ill. 2009); *see also Georgia v. McCollum*, 505 U.S. 42, 68 (1992)(explaining that, in *Brady*, the Supreme Court "held the prosecution to uniquely high standards of conduct" in "the context of criminal trials"); *Stachniak v. Hayes*, 989 F.2d 914, 926 (7th Cir. 1993)(explaining that "*Brady* provides that the suppression of evidence violates a criminal defendant's due process rights if that evidence is material either to the guilt or the resulting punishment of the accused"); *Montgomery v. Bobby*, 654 F.3d 668, 677-78 (6th Cir. 2011)(explaining that "[i]n *Brady,* the Supreme Court held that a criminal defendant's due process rights are violated if the prosecution suppresses exculpatory evidence that is material to the defendant's guilt or punishment"); *Lackey v. Lewis County*, 2009 WL 3294848, at *3 (W.D. Wash. 2009)(explaining that *Brady* "imposes a duty upon prosecutors to disclose evidence that is favorable to an accused in criminal cases"). Peterson acknowledges in his recitation of the law relating to *Brady* that one requirement for a *Brady* claim is a showing that "the exculpatory evidence withheld could have affected the outcome of the plaintiff's criminal trial." (Ans. 3). Peterson also admits in response to the instant motions that "the instant litigation has nothing to do with a criminal prosecution." (Ans. 12). Peterson relies upon *Tillman v. Burge*, 813 F. Supp.2d 946 (N.D. Ill. 2011), to support his *Brady* claim. (Ans. 3-4). However,

5

unlike in the instant action where the plaintiff's lawsuit relates to the loss of employment, in *Tillman*, the plaintiff had been tried and convicted in a criminal proceeding and the *Brady* claim was brought in regard to alleged governmental misconduct in the underlying criminal proceedings. *Id.* at 953, 960. Thus, *Tillman* is not on point in this case.

Peterson fails to cite any precedent holding that a disclosure obligation similar to *Brady* applies in an administrative or civil context such as in this case. The Seventh Circuit has declined to interpret *Brady* in such a broad fashion and this court declines to interpret the scope of *Brady* in such a fashion as well. *See, e.g,. Mister Discount Stockbrokers, Inc. v. S.E.C.*, 768 F.2d 875, 878 (7th Cir. 1985)(explaining that *Brady* "involved a criminal prosecution, while the petition currently before the court [in *Mister*] involve[d] the review of an administrative agency proceeding and not a violation of the criminal law," and that "[t]he difference is significant"). The court notes that in certain exceptional instances, *Brady* has been extended beyond the criminal context. *See, e.g., Demjanjuk v. Petrovsky*, 10 F.3d 338, 353 (6th Cir. 1993)(extending *Brady* "to cover denaturalization and extradition cases where the government seeks denaturalization or extradition based on proof of alleged criminal activities of the party proceeded against"). However, Peterson has failed to show that the instant action represents the type of situation in which *Brady* should be

extended. The underlying administrative and civil proceedings in this case, which deal with Peterson's employment, do not deal with allegations of criminal conduct and are not even remotely analogous to a criminal proceeding in which Peterson might face a criminal conviction and/or criminal penalties, such as a deprivation of physical liberty in the United States. Thus, *Brady* is not applicable to the instant action and Peterson has therefore failed to state a valid Section 1983 due process claim.

Village Defendants also argue that the court should dismiss the Section 1983 due process claims pursuant to the *Younger* abstention doctrine. Since Peterson has failed to state a valid Section 1983 due process claim in the instant action, the applicability of the *Younger* abstention doctrine is moot. Therefore, based on the above, Defendants' motions to dismiss the Section 1983 due process claims (Count I) are granted.

II. Remaining State Law Claims

Defendants argue that if the court dismisses the Section 1983 due process claims, the court should decline to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any

remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has also stated that, in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, the remaining state law claims are dismissed without prejudice. Since all claims have been dismissed in this action, the motion to stay is moot.

## CONCLUSION

Based on the foregoing analysis, Defendants' motions to dismiss the Section 1983 due process claims (Count I) are granted, and the remaining state law claims are dismissed without prejudice. The alternative motion to stay is denied as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  November 6, 2012